# CIVIL MINUTES – GENERAL   'O'

| Case No. | 2:16-cv-06097-CAS-PLA | Date | April 13, 2017 |
|---|---|---|---|

| Title | ALBERT KIRAKOSIAN ET AL. v. J AND L.D. SUNSET WHOLESALE AND TOBACCO, ETC. ET AL. |
|---|---|

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (Filed March 15, 2017, Dkt. 86)

The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ.P. 78; L.R. 7–15. Accordingly, the hearing date of April 17, 2017, is hereby vacated and the matter is taken under submission.

## I. INTRODUCTION AND BACKGROUND

On August 15, 2016, plaintiffs filed suit against defendants J&L D Sunset Wholesale & Tobacco, J&L D Sunset Wholesale & Tobacco dba 7SG Stars Glass, Wholesale Palace, Inc., Jack Haroun, Glenoaks House of Smokes, Glendale House of Smokes, Hookah King ("Hookah King"), Levon Vardanyan, Planet Tobacco, Hayk's Smoke Shop, The Heavy Hitter Group, Inc., US Batta ("US Batta"), Vatche Kiwanian ("Kiwanian"), US Global Imports ("US Global"), Southbay Wholesale ("Southbay"), Mission Wine & Spirits, Zahrah Tobacco LLC dba Zahrah Hookah, and Does 1 Through 100, inclusive. Dkt. 1. ("Complaint"). The Complaint alleges patent infringement and violations of the Lanham Act. Id. The following parties have appeared by way of filing an answer to the Complaint: The Heavy Hitter Group, Inc., US Batta, Kiwanian, US Global, Hookah King, and Southbay.

On March 15, 2017, plaintiffs filed a motion seeking leave to amend the Complaint. Dkt. 86. ("Mot."). The Motion seeks to dismiss three defendants, US

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-06097-CAS-PLA | Date | April 13, 2017 |
| Title | ALBERT KIRAKOSIAN ET AL. v. J AND L.D. SUNSET WHOLESALE AND TOBACCO, ETC. ET AL. | | |

Global, Hookah King, and Southbay (collectively, the "Dismissed Parties"), without prejudice. <u>Id.</u> Two defendants, US Batta and Kiwanian, filed an opposition to the motion on March 27, 2017[1], dkt. 90 ("Opp'n."), and on April 3, 2017, plaintiffs filed a reply, dkt. 91.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Fed. R. Civ. P. 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." <u>Jordan v. County of Los Angeles</u>, 669 F.2d 1311, 1324 (9th Cir. 1982), <u>vacated on other grounds</u>, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." <u>Johnson v. Buckley</u>, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing <u>Nunes v. Ashcroft</u>, 348 F.3d 815, 818 (9th Cir. 2003)). "Some courts have stressed prejudice to the opposing party as the key factor." <u>Texaco v. Ponsoldt</u>, 939 F.2d 794, 798 (9th Cir. 1991). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis omitted); <u>see</u> <u>Griggs v. Pace Am. Group, Inc.</u>, 170 F.3d 877, 880 (9th Cir. 1999) (stating that when a court conducts a Rule 15(a) analysis, generally all inferences should be drawn in favor of granting the motion).

---

[1] Defendants US Batta and Kiwanian are the only parties opposing plaintiff's instant motion. Therefore, for purposes of this order, the Court refers to US Batta and Kiwanian collectively as "defendants."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-06097-CAS-PLA | Date | April 13, 2017 |
| Title | ALBERT KIRAKOSIAN ET AL. v. J AND L.D. SUNSET WHOLESALE AND TOBACCO, ETC. ET AL. | | |

## III.  DISCUSSION

On March 13, 2017, ONE LLP substituted in and replaced CNT Law Group PC as counsel of record for plaintiffs.  Plaintiffs' new counsel previously represented US Global and Hookah King in a separate action.  Mot. at 2.  Plaintiffs aver that they would like to dismiss US Global, Hookah Kings, and Southbay Wholesale from this action "to avoid any potential for discomfort between their counsel and counsel's former clients." Id. at 3.  Defendants argue that leave to amend should be denied because such amendment would prejudice defendants, is futile, and is filed in bad faith.

Defendants argue that allowing plaintiffs' amendment would prejudice defendants because they would "be forced to bring [the Dismissed Parties] back into the action" by way of third-party complaint for indemnity or contribution.  Opp'n at 4.  Defendants aver that the amendment would therefore delay the trial, increase discovery burdens, and increase costs.  Opp'n. at 4.  The Court finds this argument unpersuasive because allowing plaintiffs to dismiss parties from the complaint would not cause delay or prejudice the defendants.  In the context of patent and trademark infringement suits, "plaintiffs may choose whom to sue and [are] not required to join all infringers in a single action."  Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1614 (3d ed. 2010).  Granting plaintiffs' motion does not prevent defendants from seeking leave to file a third-party complaint.  See Fed. R. Civ. P. 14(a).  Whether defendants seek indemnity or contribution from the Dismissed Parties is within their control.  Accordingly, the Court finds that defendants have failed to establish that plaintiffs' amendment would result in prejudice.

Defendants also argue that the amendment is futile because the proposed amendment will not remove the Dismissed Parties from this case.  Opp'n. at 5–6. However, whether defendants choose to file third-party complaints against the Dismissed Parties, that decision (which rests with defendants) does not render plaintiff's dismissal of claims "futile."  As noted above, plaintiffs may choose whom to sue and are not required to sue everyone who may ultimately pay.  An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017) (quoting Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)).  Here, plaintiffs are not amending the claims against the parties, but rather

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-06097-CAS-PLA | Date | April 13, 2017 |
| Title | ALBERT KIRAKOSIAN ET AL. v. J AND L.D. SUNSET WHOLESALE AND TOBACCO, ETC. ET AL. | | |

dismissing certain parties against whom they have brought claims. Accordingly, the amendment is not futile.[2]

Defendants also argue that plaintiffs' request for leave to amend is filed in bad faith. In defendants' view, plaintiffs' attempt to dismiss certain defendants to avoid potential "discomfort" between the parties is merely an excuse to gain an advantage in this litigation. Opp'n. at 4. Defendants aver that Hookah King sold allegedly infringing products to defendants, causing defendants to be sued. According to defendants, since plaintiffs now move to dismiss Hookah King, then "it is safe to presume that Hookah King is in business relations with plaintiffs" and that such dismissal is a "game being played by plaintiffs to profit." Opp'n. at 5. Bad faith in seeking an amendment may exist "if a party seeks to prolong meritless litigation by adding baseless amendments to their complaint, or if there is evidence the plaintiff is acting with a wrongful motive." Jones v. Bates, 127 F.3d 839, 847 n.8 (9th Cir. 1997). Here, plaintiffs do not seek to add baseless amendments. Additionally, while defendants suggest a nefarious scheme between plaintiffs and Hookah King, the only evidence they offer to support their contention is the instant motion. The Court is not persuaded by these arguments, and accordingly, find that plaintiffs' motion is not filed in bad faith.

Defendants fail to show that plaintiffs' amendment would result in prejudice to the opposing party, is futile, or was filed in bad faith. For these reasons, and because leave to amend should be "freely" given, Fed. R. Civ. P. 15(a)(2), the Court finds that plaintiffs should be granted leave to file an amended complaint.

---

[2] Because defendants have not been found liable, an action for contribution or indemnity against the Dismissed Parties may not be ripe. Such a claim would turn upon the relationships between defendants and the Dismissed Parties as well as the liability at issue. For present purposes, the Court need not speculate about defendants' purported future third-party complaints – defendants possible future claims are unrelated to plaintiffs' ability to dismiss their own claims here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-06097-CAS-PLA | Date | April 13, 2017 |
| Title | ALBERT KIRAKOSIAN ET AL. v. J AND L.D. SUNSET WHOLESALE AND TOBACCO, ETC. ET AL. | | |

## IV. CONCLUSION

In accordance with the forgoing, the Court hereby **GRANTS** plaintiffs' motion for leave to amend its complaint.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |