UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-06097-CAS-PLAx | Date | November 26, 2018 |
|---|---|---|---|
| Title | KIRAKOSIAN ET AL. V. J&L D SUNSET WHOLESALE & TOBACCO | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Johanna Ardalan | Gary Kurtz |

**Proceedings:** DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT AND DEFAULT (Dkt. 139, filed October 9, 2018)

## I. INTRODUCTION AND BACKGROUND

On August 15, 2016, plaintiffs Albert Kirakosian ("Kirakosian") and Kiraco, LLC, dba Apple on Top ("Kiraco") filed this action against seventeen hookah retailers, including the instant defendant J&L D Sunset Wholesale & Tobacco, Inc. Dkt. 1. The gravamen of plaintiffs' complaint is that defendant infringed upon Kirakosian's patent and trademark rights by selling or offering to sell counterfeit hookah products. Id. On November 10, 2016, plaintiffs represent that they served the summons and complaint on defendant. Dkt 23. On November 30, 2016, plaintiffs submitted proof of service to the Court. Id. After defendant failed to file an answer or otherwise respond, the Clerk of Court entered default against defendant on January 19, 2017. Dkt. 58. Plaintiffs moved for default judgment against defendant on July 14, 2017, dkt. 114, and on September 11, 2017, the Court granted plaintiffs' motion for default judgment, awarding plaintiffs $100,000 in statutory damages for trademark infringement and $5,600 in attorneys' fees, dkt. 127.

Defendant filed the instant motion to vacate the default judgment and default on October 9, 2018. Dkt. 139 ("Mot."). Plaintiffs filed an opposition on November 5, 2018. Dkt. 144. ("Opp'n"). Defendant filed a reply on November 8, 2018. Dkt. 145 ("Reply").

The Court held a hearing on November 26, 2018. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-06097-CAS-PLAx | Date | November 26, 2018 |
| Title | KIRAKOSIAN ET AL. V. J&L D SUNSET WHOLESALE & TOBACCO | | |

## II.   LEGAL STANDARD

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Any Rule 60(b) motion must be brought within a reasonable time and, in certain circumstances, no later than one year after entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1). "Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)

Rule 60(b)(4) provides for relief from judgment on the basis that a judgment is void. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). An incorrectly decided judgment is not itself sufficient to render a judgment void. Id.

Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit further requires that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)). The Court considers three factors when evaluating whether there is good cause to vacate a default judgment: (1) whether defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice plaintiff. Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). Because these factors are disjunctive, the district court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-06097-CAS-PLAx | Date | November 26, 2018 |
| Title | KIRAKOSIAN ET AL. V. J&L D SUNSET WHOLESALE & TOBACCO | | |

may deny a motion to vacate "if any of the three factors [are] true." American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

## III. DISCUSSION

Defendant argues that the default judgment should be set aside under Rule 60(b)(4) and 60(b)(6) because plaintiffs never properly served defendant, and thus the Court lacked jurisdiction over defendant. Mot. at 3. Defendant states that while plaintiffs report to have processed service on defendant's agent, Jeries Dababneh ("Dababneh"), on November 10, 2016, at 9297 9th Street, Rancho Cucamonga, CA ("9th Street Address"), defendant contends that defendant did not occupy that space at that time. Id. at 4. Instead, defendant states that it leased a new location as of December 1, 2014, and that an unrelated business was occupying the 9th Street Address in November of 2016. Id. Defendant includes a declaration from the new tenant at the 9th Street Address, stating that no one served process on November 10, 2016. See Declaration of Briggita D. Pumerantz ("Pumerantz Decl."). Defendant further contends that vacating the default is proper because plaintiffs would not be prejudiced if the judgment and default are set aside; because defendant has a meritorious defense; and because defendant is not at fault for causing the default. Mot. at 6–9.

In response, plaintiffs argue that they properly served defendant. Opp'n at 1. Plaintiffs state that their process server, Roger Tran ("Tran"), attempted to serve defendant at the 9th Street Address, because that was the address defendant provided to the Secretary of State as the address for its registered agent, Dababneh. Id. at 1–2. However, plaintiffs claim that, after finding that defendant was no longer at the 9th Street Address, Tran traveled to defendant's new address at 8687 Hellman Ave, Suite B, Rancho Cucamonga ("Hellman Avenue Address"). Id. at 2. Plaintiffs state that the two addresses are roughly 472 feet apart. Id., Ex. A. A copy of defendant's lease confirms that the Hellman Avenue Address is its new location, although Dababneh stated in his declaration that the new address is 8697 Hellman Avenue. See Mot., Ex. 1 ("Lease"); Declaration of Jeries Dababneh ("Dababneh Decl."). At the new address, Tran declares that he requested to speak with Dababneh, and when a man came forward to speak with Tran, Tran pretended to be a delivery man and asked the man to sign for a package. Opp'n at 2; Declaration of Roger Tran ("Tran Decl.") ¶ 4b. After that, Tran declares that he served the summons and complaint on Dababneh. Tran Decl. ¶ 4c.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-06097-CAS-PLAx | Date | November 26, 2018 |
| Title | KIRAKOSIAN ET AL. V. J&L D SUNSET WHOLESALE & TOBACCO | | |

In addition to Tran's sworn declaration, plaintiffs present Tran's alleged contemporaneous notes from the day of service. See Opp'n, Ex. A-2 ("Contemp. Notes"). These notes list both the 9th Street Address and the Hellman Avenue Address for defendant. Id. Both addresses are typed. Id. Next to the 9th Street Address is a handwritten note stating that "subject/corp is no longer at location." There is a signature next to the Hellman Ave address, which Tran believes is Dababneh's signature. Tran Decl. ¶ 4b. There are also times noted next to each location, which Tran asserts are the times that he arrived at each location: 10:58 AM at the 9th Street Address, and 11:08 AM at the Hellman Ave Address. Id. The notes are not dated.

In its reply, defendant includes declarations from Dababneh and three employees from the Hellman Avenue Address location. Each state that Tran did not serve process at the Hellman location on November 10, 2016. See Declaration of Jeries Dababneh ("Dababneh Decl. 2") ¶ 2; Declaration of Jeris Juwainat ¶¶ 2 – 4; Declaration of Nidal Dababneh ¶¶ 2 – 4; Declaration of Lina Dababneh ¶¶ 4 – 5. Dababneh also declares that the alleged signature on Tran's contemporaneous notes does not match his signature. Dababneh Decl. 2 ¶ 3. In addition, defendant asserts that it properly updated its address with the Secretary of State. Reply at 5. Finally, defendant notes that the proof of service, signed under penalty of perjury by Tran on January 6, 2017, and filed with this Court on January 13, 2017, lists the 9th Street Address, not the Hellman Avenue Address. Reply at 2 (citing Dkt. 57-1 "Jan. Serv."). Defendant argues that, "If he had actually completed service at a different address, one would expect Mr. Tran to have noted the different address on his proof of service." Reply at 2. Accordingly, defendant argues that inconsistencies in Tran's declaration and his signed proof of service cast doubt on the validity of service, which favors granting defendant's instant motion. Id. at 4.

"A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394, 1398 (7th Cir.1993) (quotation omitted). Here, of course, the January 2017 signed return of service reflects the wrong address. Indeed, when plaintiffs first filed for default, the Court entered a notice of deficiency because the proof of service listed *no* address. See Dkt. 56. Plaintiffs subsequently provided an updated proof of service, which identifies the 9th Street Address. See Jan. Serv. In other proofs of service filed with the Court, plaintiffs also listed no address for defendant. See dkt. 23; dkt. 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-06097-CAS-PLAx | Date | November 26, 2018 |
| Title | KIRAKOSIAN ET AL. V. J&L D SUNSET WHOLESALE & TOBACCO | | |

At oral argument, the Court asked why plaintiffs listed the 9th Street Address on its service of process. Plaintiffs' counsel responded that she could not explain why an incorrect address was provided, as she is from a new law firm which had taken over the case since the time service was processed. However, she pointed to Tran's contemporaneous notes as evidence that he served process at the Hellman Avenue Address. Counsel for defendant argued that the Court should question the credibility of these notes. Defense counsel noted that it seemed odd that Tran would have notes with the Hellman Avenue Address typed on it, even though in his declaration Tran stated that he "learned that the new address was close by" only when he visited the 9th Street Address. See Tran Decl. ¶ 4(b). At oral argument, counsel for defendant also conceded that defendant had not updated its address with the Secretary of State. Defendant's assertion to the contrary in its reply brief was an error. See Reply at 5.

The Court finds that vacating the default judgment is proper in this case. Plaintiffs could not explain why the improper address was provided to the Court as evidence of service, nor have plaintiffs explained how Tran knew of the Hellman Avenue Address, in order to include it on his allegedly contemporaneous notes before he attempted service. Assessing the Falk factors, the Court thus first finds that defendant's culpable conduct did not lead to default in this case. Falk, 739 F.2d at 463. The Court admonishes defendant to maintain its correct listing with the Secretary of State, as is required by law. See Cal. Corp. Code §§ 1505, 12570 (West). However, a "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988); Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 815 (9th Cir. 1985) ("The question of whether [defendant's] conduct was culpable and led to the default judgment turns on whether or not it received actual or constructive notice of the filing of this action."). Here, on the record before the Court, it is not clear that defendant received actual or constructive notice. Accordingly, the Court cannot conclude that his conduct was culpable.

Regarding the second Falk factor, the Court finds that defendant provides a meritorious defense. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[,]" and "the court does not assess the veracity of these facts when deciding whether to set aside the default judgment." Anyang Xinyi Elec. Glass Co. v. B & F Int'l (USA) Inc., No. CV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-06097-CAS-PLAx | Date | November 26, 2018 |
| Title | KIRAKOSIAN ET AL. V. J&L D SUNSET WHOLESALE & TOBACCO | | |

15-00862-BRO (AJWx), 2016 WL 7435482, at *5 (C.D. Cal. Aug. 4, 2016) (quoting United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1094 (9th Cir. 2010)). Here, defendant provides a sworn declaration stating that it never sold products that infringed plaintiffs' patent and trademark rights. Reply at 7 (quoting Dababneh Decl. ¶ 6). This satisfies the meritorious defense factor.

Finally, setting aside the default will not prejudice plaintiffs. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." Mesle, 615 F.3d at 1095 (quoting TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 9, 2001)). Plaintiffs suggest that "there will be serious evidentiary issues in getting records and other evidence that [plaintiffs] should have been given access to for discovery when [they] first filed the case," opp'n at 6, but plaintiffs do not provide a basis for this concern, nor identify which evidence they believe to be inaccessible. Effectively, delayed resolution appears to be the only consequence of setting aside the default judgment. The third Falk factor thus also does not militate against vacating the default judgment and default.

The Court thus finds that (1) defendant's conduct was not culpable, (2) defendant provides a meritorious defense, and (3) setting aside the default judgment would not prejudice plaintiff. These findings, coupled with the strong public policy of deciding cases on the merits, Falk, 739 F.2d at 463, demonstrate there is good cause to set aside the default judgment. The Court thus **GRANTS** defendant's motion to vacate default judgment and default.

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendant's motion to vacate default judgment and default and orders defendant to respond in **fourteen (14)** days of the date of this order.

IT IS SO ORDERED.

| | 00 | 16 |
|---|---|---|
| Initials of Preparer | | CMJ |